## HARRY BROWN, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. June 12, 1969.

Certiorari Denied by Supreme Court Aug. 27, 1969.

Robert J. Shockey, Chattanooga, for plaintiff in error.

George F. McCanless, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Nashville, Gerald H. Summers, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

OLIVER, Judge.

Harry Brown, the petitioner below, an inmate of the State Penitentiary where he is serving a life sentence, appeals to this Court from the judgment of the Criminal Court of Hamilton County dismissing his petition for post-conviction relief, filed under T.C.A. §§ 40-3801 to 40-3824, after an evidentiary hearing.

In July 1966, upon an indictment charging him with the theft of an automobile, the petitioner was convicted

of grand larceny in the Criminal Court of Hamilton County and received a maximum sentence of four years imprisonment in the State Penitentiary. His motion for a new trial was granted by the trial court, and subsequently the indictment was quashed.

Thereafter, the grand jury returned a new indictment against the petitioner which, in addition to charging him with theft of the same automobile mentioned in the original indictment, included a count charging him with being an habitual criminal under T.C.A. § 40-2801. Upon his trial under this new indictment, the petitioner was convicted of grand larceny and of being an habitual criminal. He was sentenced to imprisonment in the State Penitentiary for not less than three nor more than five years for the grand larceny, and to life imprisonment upon the habitual criminal conviction. The Supreme Court of Tennessee affirmed in an opinion filed March 22, 1968, in which it is stated that the petitioner's only Assignment of Error was:

"The trial court erred in denying the defendant's motion to provide him with the transcript of the previous trial, which was upon the same charges, in that said transcript was necessary in order to obtain a fair trial; and, that such denial deprived him of due process and equal protection of the laws as guaranteed by the United States Constitution in that the defendant was an indigent."

The present petition was filed in the trial court on April 11, 1968, and was thereafter twice amended. No answer was filed on behalf of the respondent, notwithstanding the clear mandate of T.C.A. § 40-3814. The order of the trial court dismissing the petition contains

no finding of facts, contrary to the mandatory provisions of T.C.A. § 40-3818.

The Post-Conviction Procedure Act provides in pertinent part as follows:

"40-3805. When relief granted.—Relief under this chapter shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the Constitution of this state or the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either Constitution requires retrospective application of that right."

"40-3806. Processing of petitions by clerk of trial court.—When the clerk of the trial court receives any petition applying for relief under this chapter, he *shall* forthwith:

(1) make three (3) copies of the petition,

(2) docket and file the original petition and its attachments,

(3) mail one (1) copy of the petition to the attorney-general and reporter, Supreme Court Building, Nashville,

(4) mail or forward one (1) copy of the petition to the district attorney-general,

(5) mail or forward one (1) copy to petitioner's attorney, and

(6) notify the judge."

"40-3807. Amendment of petitions not in prescribed form.—No petition for relief shall be dismissed for

failure to follow the prescribed form or procedure until after the judge has given the petitioner reasonable opportunity, with the aid of counsel, to file an amended petition."

"40-3814. District attorney-general shall represent state.—The district attorney-general *shall* represent the state and respond by proper pleading on behalf of the state within thirty (30) days after receiving notice of the docketing or within such time as the court orders. If the petition does not include the records or transcripts, or parts of records or transcripts that are material to the questions raised therein, the district attorney-general is empowered too obtain them at the expense of the state and *shall* file them with the responsive pleading or within a reasonable time thereafter. * * *"

"40-3815. Dismissal, withdrawal or amendment of petitions.—The court may grant leave to withdraw the petition at any time prior to the entry of the judgment, may freely allow amendments and shall require amendments needed to achieve substantial justice and a full and fair hearing of all available grounds for relief. The district attorney-general shall be allowed a reasonable time to respond to any amendments.

"The court shall look to the substance rather than the form of the petition and no petition shall be dismissed for technical defects, incompleteness or lack of clarity until after the petitioner has had reasonable opportunity, with aid of counsel, to file amendments."
"40-3818. Final disposition of petitions.—

* * * * * *

"Upon the final disposition of every petition, the court *shall* enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented and *shall* state the findings of fact and conclusions of law with regard to each such ground." (Emphasis supplied)

In prescribing the duties of the clerk (T.C.A. § 40-3806), the District Attorney General (T.C.A. § 40-3814), and the trial court (T.C.A. § 40-3818), in the above-quoted provisions of the Post-Conviction Procedure Act, the Legislature in each instance by use of the word "shall" clearly indicated its intention to make the specified duties of those respective officials mandatory, and not merely directory or discretionary. Without the directed participation of the District Attorney General in these proceedings, the State is unrepresented; and this, in and of itself, may be prejudicial to the petitioner, considering the specified duties of the District Attorney General. Without a clear and detailed finding of fact by the trial judge, the petitioner and his counsel and the appellate court are at a complete loss to know the basis of the trial judge's decision and judgment; assignment of errors and appellate review are seriously frustrated if not completely thwarted by lack of a definitive finding of fact by the trial judge. These official shortcomings alone would require reversal of the judgment of the trial court and remand for a new trial upon the petition.

In Walter William Ussery v. Avery and Henderson, Wardens, Tenn., 432 S.W.2d 656, our Supreme Court held that in a habeas corpus case T.C.A. § 23-1823 is mandatory in its requirement that the respondent, such

as a warden, must in his return show fully his authority for detaining the petitioner, including a copy of any writ, warrant, or other written authority; and that this statute must be strictly complied with. As we have said, the provisions of T.C.A. §§ 40-3814 and 40-3818 are plainly just as imperative.

The seriousness of the same shortcomings discussed above was pointed out in our opinion in Rome Ward v. State of Tennessee, a case appealed from the same trial court, and we have reiterated here for emphasis portions of what was said in that case.

However, inasmuch as the petitioner has raised only a question of law under his single Assignment of Error, we are constrained to consider it. The legal proposition thus presented and insisted upon as the sole basis of this assault in this Court upon his conviction and sentence is whether he was thus unconstitutionally deprived of due process and equal protection of the law. His earnest contention is that those constitutional rights were unlawfully and prejudicially trenched upon, and that his conviction and sentence were thereby nullified. Essentially, the basis of this position is that in this his second trial he received a more severe sentence than in his first trial which was set aside upon his motion for a new trial, and that this harsher sentence resulted from addition of the habitual criminal count to the new indictment.

The petitioner relies principally upon Patton v. North Carolina, 381 F.2d 636 (4th Cir. 1967). Patton did not appeal his conviction and 20-year sentence for armed robbery, following his *nolo contendere* plea without counsel. Five years later, after Gideon v. Wainwright,

372 U.S. 335, 83 S.Ct. 792, 9 L.E.2d 799, he obtained a new trial in a post-conviction proceeding. At his second trial, upon a plea of not guilty, he was again convicted by a jury on the original indictment, and was sentenced by the trial judge to imprisonment for 25 years with five years credit for the time served under the first conviction. Thus, even with this credit, by imposing a 25-year sentence and then deducting five years for the time served, Patton received five years more in his second trial than in the first. Thereafter, the Federal District Court sustained Patton's petition for a writ of habeas corpus, holding his sentence unconstitutional on the ground that the increased punishment violated the due process and equal protection clauses of the Fourteenth Amendment. Affirming, the Fourth Circuit Court of Appeals said:

"* * * In order to prevent abuses, the fixed policy must necessarily be that the new sentence shall not exceed the old. Seldom will this policy result in inadequate punishment. Against the rare possibility of inadequacy, greater weight must be given to the danger inherent in a system permitting stiffer sentences on retrial—that the added punishment was in reaction to the defendant's temerity in attacking the original conviction. Even the *appearance* of improper motivation is a disservice to the administration of justice.

*   *   *   *   *   *

"To summarize, we conclude that increasing Patton's punishment after the reversal of his initial conviction constitutes a violation of his Fourteenth Amendment rights in that it exacted an unconstitutional condition to the exercise of his right to a fair trial, arbitrarily

denied him the equal protection of the law, and placed him twice in jeopardy of punishment for the same offense.

"We affirm the District Court's order to release the defendant from confinement unless he is constitutionally resentenced by the state court to a term not exceeding 20 years from the date of his original sentence, passed on October 26, 1960, with full credit for the time already served."

However, other Federal Courts have taken a different view. United States ex rel. Starner v. Russell, 378 F.2d 808 (3rd Cir. 1967), cert. den. 389 U.S. 889, 88 S.Ct. 166, 19 L.Ed.2d 189, reh. den. 389 U.S. 997, 88 S.Ct. 488, 19 L.Ed.2d 501 (1967); United States v. White, 382 F.2d 445 (7th Cir. 1967), cert. den. 389 U.S. 1052, 88 S.Ct. 796, 19 L.Ed.2d 846; United States v. Sanders, 272 F.Supp. 245 (E.D.Cal.1967). In King v. United States, 69 App.D.C. 10, 98 F.2d 291 (1938), the Court said:

"* * * that when a void, or merely voidable, sentence has been vacated as a result of the prisoner's own demands, he cannot complain if his second sentence increases his punishment.

"* * * Moreover, when he himself attacks the first sentence his later jeopardy is, in some sense, of his own choosing. A close parallel is the doctrine that when a *conviction* is reversed, the prisoner cannot complain if on a later conviction he is given a severer sentence. If a conviction and sentence to life imprisonment are reversed because of errors in a trial for murder, the prisoner may, on a subsequent con-

viction, be sentenced to death. Stroud v. United States, 251, U.S. 15, 18, 40 S.Ct. 50, 64 L.Ed. 103. The Court said in that case (page 51): 'The plaintiff in error himself invoked the action of the court which resulted in a further trial. In such cases he is not placed in second jeopardy within the meaning of the Constitution.' "

■ ■ It is unquestionable that a defendant who procures a judgment against him to be set aside may be tried anew upon the same indictment, or upon another indictment, for the same offense. Ball v. United States, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300; United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed. 2d 448. In our opinion reason is on the side of the rule that when a convicted defendant seeks and obtains reversal of his conviction and a new trial, he must take the burden with the benefit. Miller v. United States, 224 F.2d 561 (5th Cir. 1955). Such is the settled law in this State.

In Murphy v. State, 221 Tenn. 351, 426 S.W.2d 509, rejecting the same contention made in the present case, the Court said:

"The defendant further argues in this assignment that it is a violation of due process under the 14th Amendment of the Federal Constitution to impose a harsher penalty on retrial than at the original trial. Here, the defendant received a sentence of 20 years at his original trial and 50 years upon retrial. This Court considered a similar contention involving double jeopardy in State ex rel. Austin v. Johnson (1966) 218 Tenn. 433, 404 S.W.2d 244, where this Court said:

'(W)hen the accused, himself, procures a judgment to be set aside upon his own initiative and he voluntarily accepts the result, then he cannot by his own act avoid the jeopardy in which he stands and then assert it as a bar to a subsequent jeopardy.'

"Similarly, if the defendant seeks a new trial, he must be prepared to face a new court and a new jury without limitations being placed on their decision. 'If defendant's contention was taken as correct, he could technically escape further prosecution. His initial conviction was reversed and a new trial granted because the jury's verdict of 20 years was less than the minimum statutory sentence of 'some period over 20 years.' If defendant's argument were accepted, the jury would be precluded from awarding a sentence of more than 20 years. Since they could not fix one for 20 years or less, no sentence would be permissible."

■ Nor can it be in any way material that in his second trial, sought and secured by the accused, he is indicted upon and convicted of an additional offense, whether it occurred before or subsequent to the first trial. This is true for the plainest reason. It is not for the individual to say whether or when he may be charged and brought to trial for offenses committed. For the same reason the petitioner takes an untenable position that he was wrongfully indicated and tried as an habitual criminal in his second trial because the State could have so indicated and tried him in the first trial. That the State did not elect to do so in his first trial is wholly immaterial.

■ ■ Likewise, contrary to the petitioner's insis-

tence, it is altogether irrelevant that other persons, allegedly subject to being thus proceeded against, were not indicted and tried as habitual criminals. It is no defense to one convicted of a crime that others who may have committed the same act have not been indicted and brought to trial. State ex rel. Ves v. Bomar, 213 Tenn. 487, 376 S.W.2d 446.

Moreover, so far as this record shows, the petitioner has at no time insisted that his conviction in his second trial was contrary to and not supported by the evidence. He makes no such contention here. And, as noted above, in appealing his conviction to the Supreme Court his only Assignment of Error was that he had been denied a transcript of his first trial.

■ ■ Lastly, there is nothing in this record by averment of the petitioner or otherwise to indicate that he undertook to raise any objection to this indictment either in the trial court or in his appeal to the Supreme Court. He may not do so in this proceeding. It is settled law that the sufficiency of an indictment cannot be reviewed or tested in a habeas corpus proceeding. State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186; Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036; Underwood v. Bomar, 335 F.2d 783, 788 (6th Cir. 1964), cert. den. 380 U.S. 921, 85 S.Ct. 917, 13 L.Ed.2d 805. The same rule necessarily precludes resort to the Post-Conviction Procedure Act of this State for that purpose.

The Assignment of Error is overruled and the judgment of the trial court is affirmed.

WALKER and GALBREATH, JJ., concur.