**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**FILED**

**April 9, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JEROME SYDNEY BARRETT,** | ) | |
| | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9612-CC-00462** |
| | ) | |
| vs. | ) | **LAKE COUNTY** |
| | ) | |
| **BILLY COMPTON, WARDEN,** | ) | **No. 96-7540** |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on December 17, 1996, and the petitioner's brief was filed on January 30, 1997. Though the record does not contain the indictment at issue, thereby precluding the Court from conducting an adequate review, the petitioner asserts in his brief that he was originally indicted for assault with intent to commit rape in September 1973, and was convicted of the same in September 1974. In the present appeal, the petitioner, relying in part upon State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996), contends the judgment entered against him is void because the indictment failed to allege the mens rea of the offense charged.

Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we conclude that the motion is well-taken and should be granted. The trial judge dismissed the petitioner's petition stating that "[a]llegations concerning the insufficiency of the indictment are not subject to habeas corpus relief." It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A

panel of this Court recently held the same in a capital case.  <u>Barber v. State</u>, No. 01C01-9408-CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit.  <u>Hill</u> represents a direct appeal from a case involving an indictment rendered subsequent to the 1989 revisions to the Criminal Code.  Conversely, the appeal in the present case stems from a denial of a petition for writ of habeas corpus and involves an indictment issued prior to the 1989 changes in the Code.  The opinion in <u>Hill</u> was based upon this Court's interpretation of T.C.A. § 39-11-301(c), which was enacted in 1989.  That statute provides, in pertinent part, that "[a] culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element."  Prior to 1989, however, the Criminal Code did not contain a comparable statute.  Accordingly, the decision in <u>Hill</u> does not control our review of the issue raised herein.

At the time of the offense in this case, assault with intent to commit rape was defined as "committing an assault and battery upon any female of the age of twelve (12) years or upwards, with an intent, forcibly and against her will, to have unlawful carnal knowledge of her."  T.C.A. § 39-605 (1973 supp.).  Though the indictment at issue is not contained in the record, the petitioner alleges it charged that he committed "assault and battery on a female with intent to have carnal knowledge of her."

This language was sufficient under the law as it existed at the time.  As noted above, the Criminal Code did not contain a provision similar to § 39-11-301(c) (1989).  The statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1990)), which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

2

By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid.  See e.g. State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App., Jan. 31, 1997)  Thus, the petitioner's attack must fail.

For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed.  Costs of this appeal shall be assessed against the petitioner.

Enter, this the ____ day of April, 1997.

_____
DAVID G. HAYES, JUDGE

_____
JOE B. JONES, PRESIDING JUDGE

_____
PAUL G. SUMMERS, JUDGE

3