# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

JAMES A. BROWN,                          )
                                         )
    Petitioner,                     )     C. C. A. NO. 02C01-9702-CC-00056
                                         )
vs.                                      )     LAKE COUNTY
                                         )
FRED J. RANEY, WARDEN,                   )     No. 96-7573
                                         )
    Respondent.                     )

**FILED**

**June 3, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on February 11, 1997, and the petitioner's brief was filed on March 18, 1997. The petitioner was originally indicted on one count of rape of a child in May 1994, and was subsequently convicted of the same on June 2, 1995. In the present appeal, the petitioner, relying in part upon State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996), contends the judgment entered against him is void because the indictment failed to allege the mens rea of the offense charged.

Having reviewed the state's motion in light of the petitioner's brief and the entire record on appeal, we conclude that the motion is well-taken and should be granted. The trial judge dismissed the petition, stating that "[a]llegations concerning the sufficiency of the indictment are not subject to habeas corpus relief." The petitioner subsequently filed a motion to reconsider the order of dismissal, which the trial court denied. It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of this Court recently held the same in a capital case. Barber v. State,

No. 01C01-9408-CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit. Rape of a child is defined as "the unlawful sexual penetration of a victim by the defendant . . . if such victim is less than thirteen (13) years of age." T.C.A. § 39-13-522 (1996 supp.). The indictment at issue before us charged that the petitioner "did unlawfully sexually penetrate [the victim], a child less than thirteen (13) years of age, in violation of T.C.A. 39-13-522." We find that the indictment at issue here sufficiently apprised the petitioner of the offense charged, and is therefore valid.

A valid indictment in this state must contain the elements constituting the offense and must sufficiently apprise the accused of the offense he is called upon to defend. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995). When the legislature neglects, however, to include the requisite mental state in the definition of an offense, permitting the application of any one of the three mental states set forth in T.C.A. § 39-11-301(c), an allegation of criminal conduct will provide the accused constitutionally adequate notice of the facts constituting the offense. State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App., Jan. 31, 1997). The accused's culpable mental state, therefore, is not an essential element of the offense. Id. Consequently, the failure to allege a culpable mental state in this case did not invalidate the indictment.

For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of May, 1997.

2

_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE