# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

# AT JACKSON

LARRY DAWSON,

    Petitioner,

vs.

STATE OF TENNESSEE,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

C. C. A. NO. 02C01-9704-CC-00156

LAUDERDALE COUNTY

No. 4899

FILED

August 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's dismissal of the petitioner's petition for writ of habeas corpus. The record was filed on April 25, 1997, and the petitioner filed his brief on June 25, 1997. The petitioner was originally indicted for aggravated rape in January 1989, and subsequently convicted of the same. In the present appeal, the petitioner contends the judgment entered against him is void because the indictment failed to allege the mens rea of the offense charged.

Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we conclude that the motion is well-taken and should be granted. The trial judge dismissed the petitioner's petition, stating, in part, that "[c]hallenges to the sufficiency of an indictment can not be tested in a habeas corpus proceeding." It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of this Court recently held the same in a capital case. Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

_____Nonetheless, we have considered the substance of the petitioner's claim

and determine it to be without merit. At the time of the offense in this case, aggravated rape was defined as the "unlawful sexual penetration of another accompanied" by certain enumerated aggravating circumstances, including that the defendant causes personal injury to the victim. T.C.A. § 39-2-603 (1982). The indictment at issue here charged that the petitioner "did unlawfully, feloniously and forcibly sexually penetrate [the victim], causing personal injury to the said [victim]." This language was sufficient under the law as it existed at the time. The statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1990)), which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

> While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid. See State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App., Jan. 31, 1997). Thus, the petitioner's attack must fail.

For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of August, 1997.


_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE