**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

NOVEMBER 1997 SESSION

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JERRY COX,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9610-CR-00392 |
| | ) | |
| vs. | ) | Johnson County |
| | ) | |
| **HOWARD CARLTON, WARDEN,** | ) | |
| **and STATE OF TENNESSEE,** | ) | Honorable Lynn W. Brown, Judge |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |
| | ) | |

FOR THE APPELLANT:

JERRY COX
Pro Se
Northeastern Correctional Center
P.O. Box 5000
Mountain City, TN  37683

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

DAVID E. CROCKETT
District Attorney General
Rt. 199, Box 99
Johnson City, TN  37601

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

## OPINION

The petitioner, Jerry Cox, currently incarcerated in the Department of Correction serving a twenty year sentence for a conviction of attempted aggravated rape and aggravated rape,[1] appeals the Johnson County Circuit Court's denial of his Petition for the Writ of Habeas Corpus. In his petition, Cox alleged the trial court lacked jurisdiction to convict him because the indictment failed to allege a culpable mental state. The lower court found that the matter should have been raised at an earlier stage of the proceedings, and further, the law under which the petitioner was convicted did not require proof of a culpable mental state. Accordingly, the lower court summarily dismissed the petition. It is from this determination the petitioner appeals, claiming the court erred by dismissing his petition without appointing counsel, allowing amendment and conducting a hearing, and likewise by failing to treat his petition in the alternative as one for post-conviction relief. On review, we affirm the trial court's dismissal.

## I

First, Cox claims the trial court erred in dismissing his petition without an evidentiary hearing, appointment of counsel, or an opportunity to amend. Cox misunderstands the procedural scheme for issuance of the writ of habeas corpus. To obtain habeas corpus relief in this state, the petitioner must submit an application to the proper court. See Tenn. Code Ann. §§ 29-21-101, -105, -107 (1980). The court must then review the petition and must dismiss it and refuse to issue the writ unless it indicates the petitioner's conviction may be void. See Tenn. Code Ann. § 29-21-101, -109 (1980). If the writ is refused based on the failure of the petition to raise a cognizable claim for relief, any need for a hearing is obviously pretermitted because there is no justiciable issue before the court. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 381 S.W.2d 280 (1963). Moreover, there is no requirement in the Habeas Corpus Act that a petitioner be afforded appointed

---

[1]The record before us does not contain any information about the underlying convictions, save the allegations of the petition, which we have taken as true for purposes of this appeal.

2

counsel or the opportunity to amend the petition. See generally Tenn. Code Ann. §§ 29-21-101 to -130 (1980 and Supp. 1996). Thus, the trial court did not err simply because it did not allow a hearing, appointment of counsel and an opportunity for amendment of the petition.

Turning to the issue of whether the trial court correctly dismissed the petition, we hold that the trial court's ruling is supported by several bases. First, it is well established challenges to the sufficiency of an indictment are not properly raised in habeas corpus proceedings. See, e.g., Haggard v. State, 4 Tenn. Crim. App. 620, 623-24, 475 S.W.2d 186, 187-88 (Tenn. Crim App. 1971); Brown v. State, 1 Tenn. Crim. App. 462, 473, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). The lower court implicity found as much by determining Cox should have raised his claim at an earlier stage. Cox's attack against the indictment is not cognizable in a habeas corpus proceeding.

Second, the meager record in this case does not set forth the full indictment containing all the counts with which the defendant was charged. It is the appellant's duty to ensure that the record on appeal contains all of the evidence relevant to those issues which are the bases of appeal. Tenn. R. App. P. 24(b); State v. Banes, 874 S.W.2 73, 82 (Tenn. Crim. App. 1993); State v. Deborah Gladish, No. 02C01-9404-CC-00070 (Tenn. Crim. App., Jackson, November 21, 1995), perm. app. denied (May 6, 1996). In the absence of such a record, the affected issues are waived. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." Id.

Third, as meager as the record is, it does reflect that the defendant's conviction was the result of a guilty plea. This court has previously held, in a post-conviction context, that the defendant who pleaded guilty may not attack the indictment. Ronald Collier v. State, No. 02C01-9608-CC-00284 (Tenn. Crim. App.,

3

Jackson, April 7, 1997), perm. app. denied (Tenn. 1997).

> A plea that is entered voluntarily, understandingly and intelligently
> constitutes a waiver of all procedural and constitutional defects in the
> proceedings that may have occurred prior to the entry of the plea . .
> . . Thus, the petitioner has waived this issue and he cannot now
> complain that the indictment was defective.

Ronald Collier, slip op. at 3. See also State v. Preston Carter, No. 02C01-9601-CR-

00002, slip op. at 9 (Tenn. Crim. App., Jackson, May 2,, 1997) (applying the guilty-

plea waiver rule to defects in an indictment). Accordingly, the defendant in the

present case has waived the claim he now makes.


Fourth, noting that the defendant bases his claims upon holdings of

this court in State v. Roger Dale Hill, No. 01C01-9508-CC-000267 (Tenn. Crim.

App., Nashville, June 20, 1996),  perm. app. granted (Tenn., Jan. 6, 1997), and

Nathaniel White v. State, No. 03C01-9408-CR-00277 (Tenn. Crim. App., Knoxville,

June 7, 1995), we find, apart from the fact that Roger Dale Hill was reversed, see

State v. Roger Dale Hill, Sr., ---S.W.2d---, No. 01S01-9701-CC-00005 (Tenn. Nov.

3, 1997), that both Roger Dale Hill and Nathaniel White were cases that turned

upon the language of the 1989 revisions to the criminal code, specifically

Tennessee Code Annotated section 39-11-301(b), a provision that was not

contained in the code prior to 1989. See Tenn. Code Ann. § 39-11-301(b) (1997).

The defendant was convicted in 1987.  The rationale employed in Roger Dale Hill

and Nathaniel White is not available to the defendant in this case. Curtis Newbern

v. State, No. 02C01-9702-CR-00071, slip op. at 2 (Tenn. Crim. App., Jackson, July

1, 1997) (Tenn. R. Ct. Crim. App. 20 Order). Also, in Roger Dale Hill and Nathaniel

White, the indictment challenges were made on direct appeal, not in a habeas

corpus proceeding. Accordingly, Hill and White are not controlling.[2] See Curtis

Newbern, slip op. at 2.

_____

[2]In his brief, Cox argues Roger Dale Hill is applicable to cases arising
under the criminal law as it existed prior to the 1989 revisions to the Code
because Hill says, "These concepts are not new in Tennessee." That statement
from Hill, however, is found in the court's discussion of the necessity of an
indictment which alleges all the essential elements of the offense charged and
the necessity of a lawful indictment as a prerequisite to prosecution. Roger Dale
Hill, slip op. at 7. As such, we are unpersuaded.

4

Accordingly, we find the trial court correctly dismissed the petition.

**II**

Cox also argues the trial court should have treated his petition as one for post-conviction relief. He fails to address, however, the statutory bar to such an action. According to his allegations, he pleaded guilty and received his sentence on March 9, 1987. He does not allege his case was appealed. As such, his three year statute of limitations has long since expired. See Tenn. Code Ann. § 40-30-102 (repealed 1995). Further, he states no basis for allowing untimely consideration of a post-conviction claim. Additionally, Cox was convicted in Sullivan County. His petition was filed in Johnson County, the proper venue for habeas corpus relief but not post-conviction relief. Compare Tenn. Code Ann. § 40-30-204(a) (1997) (post-conviction petition shall be filed in court where conviction occurred) with Tenn. Code Ann. § 29-21-105 (1980) (petition for writ of habeas corpus shall be filed in court "most convenient in point of distance" to the petitioner unless a sufficient reason is given in the petition). The lower court did not err in failing to consider the petition as one for post-conviction relief.

The judgment of the trial court is affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOSEPH B. JONES, PRESIDING JUDGE

_____
PAUL G. SUMMERS, JUDGE