IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1997 SESSION

FILED

January 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | NO. 03C01-9612-CR-00455 |
| Appellee, | ) | |
| | ) | BLEDSOE COUNTY |
| v. | ) | |
| | ) | Hon. Buddy D. Perry |
| ROGERS L. MCKINLEY | ) | |
| | ) | (Habeas Corpus) |
| Appellant. | ) | |
| | ) | |

For the Appellant

Rogers L. McKinley, *pro se*
T.D.O.C. No. 138372
Route 4, Box 600
Pikeville, TN. 37367

For the Appellee

Charles W. Burson
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN. 37243-0493

J. Michael Taylor
District Attorney General

James W. Pope, III
Assistant District Attorney General
265 Third Avenue, Ste. 300
Dayton, TN. 37321

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Rogers L. McKinley, appeals the Bledsoe County Criminal Court's dismissal of his petition for a writ of habeas corpus. In 1990, the appellant entered guilty pleas and was convicted of two counts of rape and one count of aggravated burglary. The trial court sentenced the appellant as a Range II multiple offender to concurrent sentences of fifteen (15) years for each rape and ten (10) years for the aggravated burglary. No direct appeal was taken from those convictions and sentences.

In this appeal, the appellant contends that the trial court erred in dismissing his petition for a writ of habeas corpus without a hearing. Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, we affirm the judgment of the trial court.

In his *pro se* habeas corpus petition, the appellant challenged the validity of the indictment charging him with aggravated rape. Relying upon this Court's decision in State v. Roger Dale Hill,[1] appellant argued that the indictment was fatally deficient in failing to include the requisite *mens rea* for the aggravated rape offense. The trial court, however, declined to decide the case on its merits. Instead, the trial court dismissed appellant's petition upon determining that the judgments were not void on their face. The trial court further declined to treat the petition as one seeking post-conviction relief because the petition was not filed in the court where the convictions were originally obtained. Tenn. Code Ann. § 40-30-204(a) (Supp. 1996).

We agree with the trial court's decision to dismiss appellant's petition. It is well established that challenges to the sufficiency of an indictment cannot be tested in habeas corpus proceedings. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). Furthermore, the petition could not have been considered as one seeking post-conviction relief. Appellant did not file the petition in the trial court where he obtained

---

[1]No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996), *per. app. granted* (Tenn. 1996).

2

his original convictions, as required by Tennessee Code Annotated section 40-30-204 (Supp. 1996). Moreover, the three-year statute of limitations, then in effect, precluded him from filing a post-conviction petition in 1996. See Tenn. Code Ann. § 40-30-102 (repealed 1995).

Assuming *arguendo*, however, that the trial court should have considered appellant's petition on its merits, the petition nevertheless is without merit. In challenging the indictment, appellant relies solely on this Court's decision in Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996).

Our supreme court has recently reversed the decision in Hill. See State v. Hill, No. 01S01-9701-CC-0005 (Tenn. at Nashville, Nov. 3, 1997). The Court recognized that modern statutory codes serve to avoid the hypertechnical requirement of common law pleading. Therefore, as reasoned by the Court, an omission of the *mens rea* element from an offense is not always fatal to the indictment. See Slip op. at 5-6. The Court held that an indictment is legally sufficient if: (1) Its language satisfies the constitutional requirement of notice to the accused, (2) Its form meets the requirements set forth in Tennessee Code Annotated section 40-13-202 (Supp. 1996),[2] and (3) The requisite mental state can be logically inferred from the alleged criminal conduct. See id. at 3.

The indictment in this case contains much more language respecting the *mens rea* than that in Hill. It states in pertinent part:

> THE GRAND JURORS for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County aforesaid, upon their oaths present:
> That Rogers McKinley heretofore on March 31, 1990, in the County aforesaid, did unlawfully, forcibly, or coercively, sexually penetrate Linda Simmons, while he was armed with a weapon or an article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon, in violation of Tennessee Code Annotated 39-13-502, against the peace and dignity of the State.

---

[2]Under Tennessee Code Annotated section 40-13-202 (Supp. 1996), an indictment must state the charged offense in ordinary and concise language that will provide the accused with a common understanding and will enable the trial court to enter a proper judgment.

3

The indictment in <u>Hill</u> did not charge that the appellant acted unlawfully, forcibly or coercively. We find that the indictment in this case would have been valid even absent our supreme court's holding in <u>State v. Hill</u>. Moreover, it sets forth facts constituting the offense and provides the appellant with sufficient notice of the charges as mandated by our constitution. Accordingly, we conclude that the indictment is valid.

Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, the judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
DAVID G. HAYES, JUDGE

4