# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 12, 2003 Session

## FRANK ROBERT BIGSBY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-50657      James K. Clayton, Jr., Judge**

---

**No. M2002-02260-CCA-R3-PC - Filed December 11, 2003**

---

GARY R. WADE, P.J., dissenting.

I write separately because I believe that in this instance the post-conviction court's failure to make specific findings of fact does not preclude appellate review. Tennessee Code Annotated section 40-30-211 provides, in pertinent part, as follows:

> (b)  Upon the final disposition of every petition, the court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each such ground.

Tenn. Code Ann. § 40-30-211(b). In State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984) (citing Brown v. State, 1 Tenn. Crim. App. 462, 445 S.W.2d 669 (1969)), this court interpreted the predecessor to Tennessee Code Annotated section 40-30-211(b), which was identical to the current provision, as mandatory. In that case, however, this court observed that "the failure of the trial judge to abide by the requirement does not always mandate a reversal of the trial court's judgment." Id. (citing George v. State, 533 S.W.2d 322 (Tenn. Crim. App. 1975); Webb v. State, 4 Tenn. Crim. App. 723, 475 S.W.2d (1971); Brown, 1 Tenn. Crim. App. 462, 445 S.W.2d 669). Because the purpose of the statute is to facilitate appellate review of the post-conviction court's decision, a remand is not required when, even though the trial court failed to comply with the rule, the record is otherwise adequate for review. Id. In Swanson, the record was deemed sufficient to effectuate appellate review where it contained "the reasons of the trial judge for dismissing appellant's petition and the transcripts of both the evidentiary hearing held on appellant's post-conviction petition and the original trial." Id.

In this case, the post-conviction court entered an order denying the petition for post-conviction relief but failed to make specific findings of fact regarding the petitioner's claims of ineffective assistance of counsel. The record contains the transcripts of the evidentiary hearing, the complete record of the original trial, and the post-conviction court's general finding that the

petitioner was "properly represented."  Implicit in this ruling, in my opinion, is the conclusion that trial counsel's performance was not deficient.  It is my view that, under these circumstances, the record is adequate for our appellate review of the substantive issue.

 

_____

GARY R. WADE, PRESIDING JUDGE