IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2021

## DARRYL ROBINSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 14-00511     Glenn Ivy Wright, Judge**

_____

### No. W2020-00942-CCA-R3-PC

_____

The Petitioner, Darryl Robinson, appeals from the Shelby County Criminal Court's denial of his petition for post-conviction relief, wherein he challenged his convictions for aggravated robbery and possession of a handgun by a convicted felon. See Tenn. Code Ann. §§ 39-13-402, -17-1307(c)(1). On appeal, the Petitioner submits that he received the ineffective assistance of counsel due to (1) trial counsel's failure to object to and preserve for appeal references by a witness identifying the Petitioner at trial by his prejudicial nickname "Trigger Man"; and (2) trial counsel's failure to object during closing argument to the State's use of a "pink elephant" analogy, as well as the failure to preserve the issue in the motion for new trial. In addition, the Petitioner raises a stand-alone allegation of prosecutorial misconduct based upon the State's closing argument. Having reviewed the entire record and the briefs of the parties, we are constrained to agree with the Petitioner that the post-conviction court failed to make sufficient findings of fact and conclusions of law to enable appellate review of all his claims. Accordingly, we reverse the judgment of the post-conviction court and remand this case for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and JILL BARTEE AYERS, J., joined.

Robert H. Golder (at post-conviction hearing and on appeal), and Brett B. Stein (on post-conviction pleadings), Memphis, Tennessee, for the appellant, Darryl Robinson.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie R. Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION
## FACTUAL BACKGROUND

This case arises from the May 14, 2013 robbery of Thomas Wright, Jr. ("the victim") at gunpoint by two males, the Petitioner and Demetrius Davison. See State v. Darryl Robinson, W2016-01803-CCA-R3-CD, 2017 WL 5952925, at *1 (Tenn. Crim. App. Nov. 29, 2017). According to the victim, the Petitioner wielded a black .32 caliber revolver, which the Petitioner pointed at him during the encounter. Ultimately, the victim, fearing for his life, gave the Petitioner everything from his pockets, including $900 in cash, his phone, and his wallet.

The Shelby County Grand Jury indicted the Petitioner for aggravated robbery and "possession of a firearm by one previously convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon arising out of" the encounter. Robinson, 2017 WL 5952925, at *1. The jury convicted the Petitioner of aggravated robbery and being a "convicted felon in possession of a handgun." Id. at *2. On appeal, this court "affirm[ed] the [Petitioner]'s convictions for aggravated robbery and convicted felon in possession of a handgun but remand[ed] for resentencing on the convicted felon in possession of a handgun conviction." Id. at *8.

As relevant to this appeal, the Petitioner, in the direct appeal of his convictions, argued that Mr. Davison's references to him by his nickname "Trigger Man" were prejudicially erroneous. Robinson, 2017 WL 5952925, at *3. To provide context, this court noted the following procedural history surrounding the issue at trial:

> Prior to trial, the [Petitioner] moved to prevent Mr. Davison from using the [Petitioner's] nickname of "Trigger Man" during his testimony, arguing that the nickname was "highly prejudicial." The State argued that Mr. Davidson only knew the [Petitioner] by the nickname until the initiation of the case. The trial court informed the State to have its witnesses refrain from using the [Petitioner's] nickname. However, during the course of his testimony, Mr. Davison used the [Petitioner's] nickname four times.
> . . . .
> . . . During his direct testimony, Mr. Davison used the [Petitioner's] actual name several times but twice used the [Petitioner's] nickname. The defense did not object to the two occurrences, and the State did not request a sidebar to admonish the witness; however, the State appeared to make a point of repeatedly using the [the Petitioner's] full name throughout its questioning of Mr. Davison as a gentle reminder to not use the nickname. When Mr. Davison relayed in detail the sequence of events leading up to and including the robbery, he used the [Petitioner's] actual name. During cross-examination, Mr. Davison used the [Petitioner's] nickname two more times.

The first time, Mr. Davison started with the nickname "Trigger," but then appeared to catch himself and used the [Petitioner's] actual name. The second reference occurred in the same way, with Mr. Davison['s] first using the nickname and then correcting himself and using the actual name.

Id. at *3-4.

This court initially concluded that the Petitioner waived plenary review of his argument because the Petitioner did not lodge an objection, request a curative instruction, or raise the issue in his motion for new trial. Robinson, 2017 WL 5952925, at *3. Then, analyzing the issue under the plain error doctrine, this court determined that the Petitioner was not entitled to relief "because there was no breach of a clear and unequivocal rule of law, it [was] not clear that the [Petitioner] did not waive the issue for tactical reasons, and consideration of the issue [was] not necessary to do substantial justice." Id. at *4. In so concluding, this court reasoned as follows:

. . . First, although, "[n]icknames should generally be avoided," State v. Zirkle, 910 S.W.2d 874, 886 (Tenn. 1995), there is no outright prohibition against the use of nicknames. Second, it is possible that the [Petitioner] chose to withhold his objection to the few instances when his nickname was used because Mr. Davison quickly corrected himself and most often used the [Petitioner's] real name, and objecting would have drawn attention to the response. Third, the use of the [Petitioner's] nickname was limited and quickly corrected such that it did not saturate the trial to the extent that it had any effect on the jury's verdict.

Id.

The Petitioner filed a pro se petition for post-conviction relief on December 3, 2018.[1] After appointment of counsel, the Petitioner filed an amended petition. In the amended petition, the Petitioner raised the following issues[2]: (1) trial counsel rendered ineffective assistance by failing to object to the prejudicial use of the Petitioner's nickname during Mr. Davison's testimony and failing to preserve the issue in the motion for new trial, thereby waiving plenary review of the issue; (2) trial counsel rendered ineffective assistance by giving inaccurate and misleading advice to the Petitioner regarding his prior criminal record, which resulted in infringement upon the Petitioner's inalienable right to

---

[1] This court's direct appeal opinion was filed on November 29, 2017. The Petitioner averred in his pro se petition that he gave the petition to the proper authority at his place of incarceration on November 28, 2018. Thus, the petition was timely filed. See Tenn. R. Crim. P. 49(d)(1).

[2] Though the initial portion of the amended petition only paraphrased these issues, the details of these issues were further developed in the argument section.

- 3 -

testify in his own defense; (3) the State committed prosecutorial misconduct during closing arguments when the State made multiple comments utilizing a "pink elephant" analogy to discredit the defense strategy, and these remarks were not appropriate comments on the proof, but rather on the character and skill of trial counsel, and by extension, the honesty and credibility of the non-testifying Petitioner; and (4) trial counsel rendered ineffective assistance by failing to object to the flagrant, intentional, improper, and repeated comments made by the State during closing arguments and failing to preserve the issue in the motion for new trial, thereby waiving plenary review of the issue.

The State filed a response in opposition on August 29, 2019. A hearing on the amended petition was held on January 16, 2020, at which the Petitioner and trial counsel testified.

The Petitioner admitted that his nickname was "Trigger Man." The Petitioner explained that he acquired the nickname in 1996 after he was arrested "for a gun charge and got out," that the name had "stuck ever since," and that all of his friends referred to him by his nickname. The Petitioner believed that he reviewed the discovery materials in his case and that the name "Trigger Man" was mentioned therein. The Petitioner did not recall ever discussing the nickname with trial counsel.

On cross-examination, the Petitioner stated that trial counsel advised him not testify because "it wouldn't look good" and that trial counsel did not want to bring the Petitioner's "background" to the attention of the jury. When asked if his background included three aggravated assaults, the Petitioner said that he never went to prison for aggravated assault, only aggravated robbery. However, the Petitioner acknowledged that the underlying felonies for his possession of a handgun by a convicted felon conviction were three aggravated assaults.

On redirect, the Petitioner indicated that he did not discuss with trial counsel which issues to raise in the motion for new trial. Specifically, the Petitioner confirmed that prior to the motion for new trial hearing, he never discussed with trial counsel the use of the nickname "Trigger Man" or the term "pink elephants."

The State then called trial counsel to testify. Trial counsel testified that the defense strategy in the Petitioner's case was to point out the inconsistencies between the victim's trial testimony and formal police statement, as well as pointing out the inconsistencies between the trial testimony from the victim and Mr. Davison. Trial counsel opined that he was "relatively pleased" with how the Petitioner's trial proceeded.

Trial counsel confirmed that he was aware of the Petitioner's nickname "Trigger Man." Trial counsel said that he discussed the nickname with the Petitioner and that he filed a motion in limine to exclude any references of the nickname, which motion was

- 4 -

granted. Trial counsel believed that when Mr. Davison referred to the nickname during trial, he objected to the first reference. According to trial counsel, during the discussion on the objection that ensued, it was observed that Mr. Davison initially only knew the Petitioner by the nickname, that the State had instructed its witnesses not to use the nickname, and that when the nickname was used, the State would try to correct it by using the Petitioner's actual name. Trial counsel further recalled that after the objection, Mr. Davison continued to refer to the nickname in some "really fast" instances but that Mr. Davison corrected himself after referring to the nickname. Trial counsel explained that it was not helpful to the Petitioner's case to continue to object to references to the nickname "because you really had to be listening to pick up on it" and continuous objections would have brought more attention to the nickname.

Relative to closing arguments, trial counsel was asked about the "pink elephant" analogy used by the State. According to trial counsel, he would have objected if he had found that particular line of argument objectionable, but he did not. Trial counsel opined that "such analogies" were commonplace in closing arguments and that he did not feel there was a legal basis for an objection.

On cross-examination, trial counsel agreed that he did not ask the trial court for a curative instruction regarding the "Trigger Man" references and that he probably should have done so. Though trial counsel did not do appellate work, he acknowledged that he was aware that the failure to raise an issue in the motion for new trial waived the issue for plenary review purposes, thereby making it more difficult to win on appeal. Trial counsel agreed that in the Petitioner's motion for new trial, he only raised sufficiency of the evidence as an issue. He explained that it "[p]robably wouldn't have hurt" for him to have also raised the "Trigger Man" references as an issue.

When asked about the "pink elephant" analogy made by the State during closing arguments, trial counsel indicated that he had only objected during closing arguments twice in his legal career and that on one occasion, it was because the State referred to evidence that was not presented at trial. He could not recall ever objecting based upon an improper or prejudicial analogy made by the State during closing, explaining that there had never been, in his opinion, an analogy that had crossed a certain objectionable threshold. Trial counsel specifically stated that he did not think the "pink elephant" analogy "rose to any kind of prejudicial level."

On redirect, trial counsel testified that he did not view the "pink elephant" analogy as a direct insult to himself, the Petitioner, or the defense. He also did not believe that the comment violated the Petitioner's constitutional rights or misstated the law or facts of the case. Trial counsel confirmed that there was a "first time for everything" and that he would have made an objection if he believed one was necessary. Trial counsel also agreed with the rationale provided by this court on direct appeal in denying plain error relief on the

issue of Mr. Davison's use of the nickname, such being that trial counsel decided against objecting to avoid drawing attention to the nickname and that use of the nickname was limited and quickly corrected such that it did not saturate the trial to the extent that it had any effect on the jury's verdict.

Finally, on recross, trial counsel agreed that he did not raise the "pink elephant" issue in the motion for new trial because he did not believe it was prejudicial. However, trial counsel clarified that it "wouldn't have hurt" for him to have included the issue.

The parties did not make any closing arguments and submitted the issues based upon the testimony and pleadings. Thereafter, the post-conviction court denied relief in an order on July 10, 2020.

The post-conviction court stated the issues by referencing the "grounds for relief" as summarized by the Petitioner in his amended petition prior to the argument section, those being that (1) trial counsel failed to object to the prejudicial nickname of the Petitioner used during Mr. Davison's testimony; (2) trial counsel relied on mistaken information when advising the Petitioner not to testify; and (3) the Petitioner's constitutional rights were violated based on prosecutorial misconduct during closing arguments. Addressing trial counsel's failure to object to the prejudicial nickname, the post-conviction court noted that trial counsel filed a motion in limine prior to trial to exclude mention of the Petitioner's nickname "Trigger Man," that the State argued that Mr. Davison only knew the Petitioner by the nickname, that the trial court granted the motion, and that Mr. Davison was instructed not to use the nickname. In addition, the post-conviction court indicated that trial counsel objected when Mr. Davison mentioned the name during trial but that trial counsel did not object thereafter so as not to draw attention to the matter.[3]

Thereafter, the post-conviction court found that references to the nickname during trial were "not used in a derogatory manner" but to identify the Petitioner. Moreover, the post-conviction court concluded that use of the nickname "did not saturate the trial to the extent that the record affirmatively show[ed] that it affected the jury's verdict" and that trial counsel's "failure to object to use of the [P]etitioner's nickname every time it was used was a strategic decision" that did not prejudice the Petitioner. Relative to the several other issues raised, the post-conviction court concluded that the Petitioner "abandoned or waived" those because he failed to present any proof on these issues.

The Petitioner filed a timely notice of appeal on July 12, 2020. The case is now before us for our review.

_____

[3] We note that this finding is not supported by the direct appeal opinion or the trial transcript.

<u>ANALYSIS</u>

On appeal, the Petitioner argues that (1) trial counsel was ineffective by failing to object to or preserve for appeal Mr. Davison's "Trigger Man" moniker references identifying the Petitioner; (2) trial counsel was ineffective by failing to object to or preserve for appeal the "pink elephant" analogy during the State's closing argument; and (3) a stand-alone claim that the State committed prosecutorial misconduct during closing argument. The State responds that the Petitioner's claims do not entitle him to relief.

Initially, we note that the Petitioner raised an additional issue in his amended petition, that being whether trial counsel was ineffective by giving inaccurate and misleading advice to the Petitioner regarding his prior criminal record that thereby resulted in an infringement upon the Petitioner's inalienable right to testify in his own defense. However, the Petitioner did not present or brief the issue on appeal. Typically, this would result in the issue's being abandoned and, thereby, waived on appeal. <u>See</u> Tenn. R. App. P. 27(a); Tenn. Ct. Crim. App. R. 10(b).

Nonetheless, as a threshold issue, the Petitioner submits that the post-conviction court failed to make sufficient findings regarding his issues to enable appellate review, specifically that the post-conviction court's order failed to address the issues of ineffective assistance of counsel and prosecutorial misconduct arising from the State's references to "pink elephants" in closing argument. The Petitioner indicates that the "pink elephant" issue was "raised briefly during the hearing" and developed extensively in the amended petition and that the post-conviction court should have addressed the issue on the merits. He submits that this was more than mere "technical error" and asks this court to remand for a more definitive order, including detailed findings of facts and conclusion of law regarding the overlooked issues.

The State responds that the record is sufficient to effectuate meaningful appellate review because the post-conviction court entered "an order with factual findings and conclusions of law on both factual allegations that the Petitioner raises on appeal." According to the State, the Petitioner misconstrues the post-conviction court's order as finding that he failed to sufficiently raise the "pink elephant" issue, but that the order instead clearly states that the Petitioner abandoned or waived these issues because he failed to present any proof. Thus, in the State's estimation, a remand for "a more thorough final order" is unnecessary.

When determining the merits of a post-conviction petition, the Post-Conviction Procedure Act requires the post-conviction court to make written findings of fact and conclusions of law. A trial court's final disposition of a petition for post-conviction relief "<u>shall</u> set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each such

ground." Tenn. Code Ann. § 40-30-111(b) (emphasis added). The use of the word "shall" clearly indicates the Tennessee General Assembly intended that the duty of the post-conviction court to make findings of fact is mandatory. Donald Mays v. State, No. W2003-02761-CCA-R3-PC, 2004 WL 2439255, at *6 (Tenn. Crim. App. Oct. 28, 2004). Not only do the post-conviction court's findings of fact facilitate appellate review but, in many cases, they are necessary for such review. Id. Where the post-conviction court fails to make "a clear and detailed finding of fact," either orally or on the record, the appellate court is "at a complete loss to know the basis of the trial judge's decision and judgment; assignments of error and appellate review are seriously frustrated if not completely thwarted by lack of a definitive finding of fact by the trial judge." Brown v. State, 445 S.W.2d 669, 671 (Tenn. Crim. App. 1969).

In the case before us, we note that the Petitioner's present predicament was clearly exacerbated by post-conviction counsel's failure to make any argument on the issues and merely submitting the case to the post-conviction court for consideration. Thereafter, there was no oral ruling made from the bench, and the post-conviction court's subsequent order only addresses the merits of the ineffective assistance issue involving Mr. Davison's references to the Petitioner by his nickname "Trigger Man."

Despite the State's arguments to the contrary, the post-conviction court's ruling amounts to a preemptory finding of waiver for the failure to present any proof and is not a ruling addressing the merits of the "pink elephants" ineffective assistance issue. The post-conviction court, through its chosen words, does not make any legal conclusion that the Petitioner failed to establish his factual allegations by clear and convincing evidence regarding this issue. Moreover, the post-conviction court's order does not recount the testimony presented at the post-conviction hearing regarding the "pink elephant" ineffective assistance issue in any fashion and specifically states that the other issues raised in the petition, besides the "Trigger Man" moniker, were waived or abandoned due to the Petitioner's failure to present any proof on these issues. The record from the hearing is clearly contrary to the post-conviction court's finding of waiver, as the issue was squarely raised in the amended petition and both the Petitioner and trial counsel were asked about the "pink elephant" issue at the hearing. In fact, at the post-conviction hearing, the issue was raised more than somewhat "briefly"; trial counsel was questioned rather extensively about his decision not to object to the State's closing argument.

Were we to conclude that under these circumstances, the record is sufficient to enable meaningful appellate review, though the post-conviction court made an incorrect waiver finding preempting any subsequent findings of fact or conclusions of law, we would effectively nullify the "shall" language of Tennessee Code Annotated section 40-30-111(b). Again, we reiterate that this section requires that the order shall set forth "all grounds presented" and "state the findings of fact and conclusions of law with regard to

each such ground." Tenn. Code Ann. § 40-30-111(b). We conclude that the record is devoid of any findings of fact and conclusions of law with regards to the Petitioner's "pink elephants" ineffective assistance issue that was clearly stated in the amended petition for post-conviction relief and raised by the testimony at the post-conviction hearing.[4]

We take this opportunity to point out that "findings of fact" are the post-conviction court's opportunity to fulfill its responsibility to sort through all the evidence and set forth what actually happened, as opposed to just each witness's version of what happened. See Charles Bradford Stewart v. State, No. M2015-02449-CCA-R3-PC, 2017 WL 2645651, at *14 (Tenn. Crim. App. June 20, 2017). Without sufficient factual findings and conclusions of law, we are unable to properly address the merits of Petitioner's claims. See, e.g., Casey Colbert v. State, No. W2019-00383-CCA-R3-PC, 2020 WL 2394141, at *16 (Tenn. Crim. App. May 12, 2020); Steven Tyler Nabi v. State, No. M2017-00041-CCA-R3-PC, 2018 WL 1721869, at *4 (Tenn. Crim. App. Apr. 9, 2018) (both reaching a similar conclusion). Because ineffective assistance of counsel is a single ground for relief, and because if the Petitioner were to be granted relief based upon his ineffective assistance allegations, he would receive a new trial, we decline to piecemeal these proceedings and, accordingly, believe a complete remand to be in order. See, e.g., Micah Ross Johnson v. State, No. E2019-00491-CCA-R3-PC, 2020 WL 5362353, at *8-9 (Tenn. Crim. App. Sept. 8, 2020) (relying on similar reasons for a complete remand for a single order to address all of the issues raised by the petitioner).

CONCLUSION

Accordingly, we reverse the judgment of the post-conviction court and remand for further proceedings consistent with this opinion. After an order is entered in compliance with the requirements of the post-conviction statutes and this opinion, the losing party shall be entitled to initiate an appeal in accordance with the Tennessee Rules of Appellate Procedure.

D. KELLY THOMAS, JR., JUDGE

---

[4] We feel constrained to observe that were we dealing only with the stand-alone prosecutorial misconduct issue regarding the State's "pink elephant" analogy, we would affirm the post-conviction court's waiver finding, though we would do so on a different ground. As the State aptly notes, such claim would be waived for failing to raise it on direct appeal. See Tenn. Code Ann. § 40-30-106(g); see also Wendell Guinn v. State, No. W2016-02152-CCA-R3-PC, 2018 WL 1640077, at *5 (Tenn. Crim. App. Apr. 5, 2018) (noting that a stand-alone claim of prosecutorial misconduct was waived due to the failure to raise the issue on direct appeal). In addition, there was never any clear claim made by the Petitioner regarding the ineffective assistance of appellate counsel.