**STATE of Tennessee, Appellee,**

v.

**Albert MACKEY, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 7, 1984.

Permission to Appeal Denied by Supreme Court March 4, 1985.

without other measures being taken, such as shutting off the system.

William M. Leech, Jr., Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Gregory D. Shanks, Asst. Dist. Atty. Gen., Knoxville, for appellee.

Blake Ford, Lake City, for appellant.

## OPINION

O'BRIEN, Judge.

This is an appeal from a judgment in the Knox County Criminal Court denying a post-conviction relief petition after an evidentiary hearing.

On March 12, 1981 the petitioner was convicted in a jury trial of the crimes of first degree burglary, armed robbery, assault and battery, aggravated kidnapping, and being an habitual criminal. His respective sentences were set at not less than eight (8) years nor more than ten (10) years on the first count; twenty (20) years on the second; eleven months and twenty-nine days on the third; thirty (30) years on the fourth. Although indicted on each of the foregoing charges as an habitual criminal, he was found guilty as such only on the armed robbery conviction which was enhanced to life imprisonment. All of the other sentences were fixed to run concurrently except the thirty year sentence for aggravated kidnapping which was set to be served consecutive to the life sentence. On appeal petitioner's convictions were affirmed by this Court. Further appeal was denied by the Tennessee Supreme Court. See *State v. Mackey*, 638 S.W.2d 830 (Tenn. Cr.App.1982).

On September 7, 1982, just three months after the Supreme Court denied permission to appeal, petitioner filed a pro-se application for post-conviction relief. Counsel was appointed at the trial level and an amended post-conviction petition was filed. On July 7, 1983 an evidentiary hearing was held on the petition. Subsequently a memorandum opinion and order was entered by the trial judge denying the application for post-conviction relief. Petitioner has appealed that decision asserting that his proof at the evidentiary hearing supported a finding that he was denied effective assistance of counsel, and that the trial court did not consider the proper criteria in considering the merits of the post-conviction relief petition.

Appellant argues his trial counsel failed to adequately investigate and prepare for trial, thus depriving him of effective assistance of counsel. Specifically it is contended counsel failed to interview the victim and two police officers prior to the trial, and failed to adequately set up a defense based on intoxication at the time of the crime.

At the post-conviction hearing the evidence showed that trial counsel had interviewed numerous witnesses in an attempt to find evidence beneficial to the appellant. He had cross-examined one of the police officers at a parole revocation hearing prior to trial, and had spent from 125 to 150 hours in preparation for trial. His determination not to interview the other officer or the victim was based on his decision that any information obtained from them would be cumulative, and that there was sufficient evidence from other sources to make the defense. Trial counsel, anticipating a defense of mental incapacity due to drug and alcohol intoxication, made application for a psychiatric examination of appellant

prior to trial. See this Court's decision at 638 S.W.2d, p. 833, 834.

At the conclusion of the evidentiary hearing the court below found the services rendered by trial counsel on appellant's behalf were well within the standards set forth in *Baxter v. Rose,* 523 S.W.2d 930 (Tenn. 1975); that counsel acted competently and effectively and appellant was not deprived of any substantial defense, or prejudiced by counsel's representation.

In *Baxter v. Rose,* supra, the Tennessee Supreme Court, after a review of the decisions of the Federal secondary appellate courts, declined to establish any precise nomenclature or lay down any specific standards or guidelines, and chose to measure the range of competence demanded of attorneys in criminal cases by the criteria set forth in *United States v. DeCoster,* 159 U.S.App.D.C. 326, 487 F.2d 1197 (1973); and the Sixth Circuit case of *Beasley v. United States,* 491 F.2d 687 (6th Cir.1974). The court further suggested that trial courts and defense attorneys should look to and be guided by the American Bar Association Standards relating to the administration of criminal justice in general, and specifically to those portions of the Standards which relate to the defense function.

Quite recently, in *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984), the United States Supreme Court discussed *DeCoster,* supra, among various other federal cases, in analyzing the proper standard for attorney performance in defense cases. In doing so they held that a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. Specifically it must be shown that the errors made were so serious that counsel was not functioning in accordance with the guarantees of the Sixth Amendment, and that any errors made by counsel were so serious as to deprive the defendant of a fair trial which concluded in a reliable result.

■ We are in accord with the judgment of the trial court in this case that trial counsel was neither incompetent nor ineffective. Defendant has failed to establish that the alleged acts or omissions of his trial counsel were not the result of reasonable professional judgment. Recognizing that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, we hold that counsel's conduct on the issues raised by defendant were within the range of professionally competent assistance. See *Strickland,* supra.

"... actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. The government is not responsible for, and hence not able to prevent, attorney errors that will result in reversal of a conviction or sentence. Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. They cannot be classified according to likelihood of causing prejudice. Nor can they be defined with sufficient precision to inform defense attorneys correctly just what conduct to avoid. Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another. Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense." *Strickland v. Washington,* supra, — U.S. p. —, 104 S.Ct. p. 2067.

■ In regard to defendant's contention that the trial court failed to consider the proper criteria in ruling that trial counsel was competent, this issue has also been settled in *Strickland,* supra. The trial court ruled that the defendant below had failed to show that he was prejudiced as a result of alleged ineffectiveness of counsel. This was a correct decision.

Defendant urges us to apply the ABA Standards in scrutinizing the decision of the court below in denying post-conviction relief. Neither the appellate courts of this State nor the United States Supreme Court has ever held that these standards present an unwavering rule in the consideration of an ineffectiveness claim. They are only guidelines. No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions. See *Strickland v. Washington*, supra, and *Baxter v. Rose*, supra.

The judgment of the trial court is affirmed.

TATUM, J., and WILLIAM H. WILLIAMS, Special Judge, concur.