Thomas Eugene MALONE, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 8, 1985.

Permission to Appeal Denied by the Supreme Court March 3, 1986.

Ann C. Short, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Wayne E. Uhl, Asst. Atty. Gen., Nashville, James F. Pryor, Asst. Dist. Atty. Gen., Greeneville, for appellee.

## OPINION

O'BRIEN, Judge.

Thomas Eugene Malone appeals from dismissal of a petition for post-conviction relief in the Greene County Criminal Court. The petition was dismissed after response by the State, without appointment of counsel, and without an evidentiary hearing, upon the finding of the court below that all grounds had been previously determined or waived. Defendant insists this was error.

Defendant was convicted of first degree murder on January 28, 1981 and sentenced to life imprisonment. This Court affirmed the conviction on March 4, 1982.[1]

While the application for permission to appeal was pending, defendant filed two pro se petitions in the trial court. These petitions were consolidated and treated as a petition for post-conviction relief. Following an evidentiary hearing, at which defendant was represented by counsel, the court found no grounds upon which relief could be granted and dismissed the petition on May 7, 1982. No notice of appeal was filed, however a record was filed and docketed as Greene County No. 193. Upon the

State's motion this Court dismissed the appeal for lack of jurisdiction on January 25, 1983.

Another post-conviction petition was filed in the trial court with the objective of obtaining a delayed appeal of the judgment on the first hearing. The trial court granted a delayed appeal which was dismissed by this Court on June 30, 1983, holding that the Post-Conviction Procedure Act pertains only to the allowance of a delayed appeal from the original conviction and there is no authority for the allowance of a delayed appeal of a judgment entered in post-conviction proceedings.

The petition at hand alleges ineffective assistance of counsel for various reasons, including failure of trial counsel to preserve certain issues for direct appellate review; that the first post-conviction petition was heard while the appeal on the conviction trial proceedings was pending in the appellate court in violation of T.C.A. § 40–30–102; and that defendant's appointed counsel for that petition was ineffective for failure to preserve his right to review in this Court. The court below determined that all issues upon which relief could be granted were fully reviewed by the court's ruling on the first petition on May 7, 1982.

It is obvious that, through no fault of his own, defendant has been totally frustrated in his efforts to achieve appellate review of any of his post-conviction complaints.

■ There was an answer filed on behalf of the respondent by the District Attorney General's office however, T.C.A. § 40–30–114 provides that the District Attorney General *shall* represent the State and respond by proper pleading on behalf of the State within thirty (30) days after receiving notice of the docketing or within such time as the court orders. If the petition does not include the records or transcripts, or parts of records or transcripts that are material to the questions raised therein, the District Attorney General is empowered to obtain them at the expense of the State and

---

1. *State v. Malone,* Greene County, No. 172, (Tenn.Cr.App. Knoxville, March 4, 1982). Permission to appeal to the Supreme Court was denied on June 14, 1982.

*shall* file them with the responsive pleading or within a reasonable time thereafter.

In prescribing the duties of the District Attorney General the Legislature in each instance by use of the word *"shall"* clearly indicated its intention to make the specified duties of that official *mandatory,* and not merely *directory* or *discretionary.* Without the required participation of the District Attorney General in these proceedings, the State is unrepresented; and this, in and of itself, may be prejudicial to the State and/or the petitioner, considering the specified duties delineated. See *Brown v. State,* 1 Tenn.Cr.App. 462, 445 S.W.2d 669, 671 (1969). Without the necessary documents and records a trial judge must seek out necessary documentation personally to make a decision, or rely on his memory. Without a documented finding of fact and conclusions of law stated by the trial judge, the petitioner and his counsel and the appellate courts are at a complete loss to know the basis of the trial judge's decision and judgment, and appellate review is seriously hindered. These official shortcomings more frequently than not require reversal of the trial court and remand for a new hearing of the petition. See *Brown,* supra.

However, in this case, through our own searching, we have been able to establish a factual basis for the trial court's rulings, and to deal with the questions of law raised in the petition, and the defendant's brief.

T.C.A. § 40–30–105 provides that relief under the Post-Conviction Procedure Act shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the Constitution of this State or the Constitution of the United States.

■ In his post-conviction petition defendant contends he was denied due process because the indictment on which he was charged did not include the Code Section purportedly violated. This is not a requirement of the law. Moreover, it is settled law that the sufficiency of an indictment cannot be reviewed or tested by a post-conviction petition. See *Brown v. State,* supra at 674.

■ Petitioner's complaint that his constitutional rights were violated by admission of evidence of other crimes at his sentencing hearing are without merit. There is no constitutional proscription against the admission of such evidence. This procedure is specifically mandated by T.C.A. § 39–2–203 which provides for the jury to weigh and consider mitigating circumstances and statutory aggravating circumstances in arriving at their judgment for punishment in capital cases.

■ Defendant's claim that his right to due process was violated by denial of the statutory time to prepare for trial is without merit. T.C.A. § 40–14–106 provides that every person accused of any offense, the punishment of which may be death, shall be entitled to twenty-one (21) full days (Sundays and legal holidays excluded) after arrest and the return of the indictment or presentment before being tried for such offense. This complaint does not reach constitutional dimensions unless defendant was denied adequate assistance of counsel at his trial. There is no evidence of this fact in the record. Moreover, the matter has been previously determined by the trial court on the hearing of the first post-conviction petition. The trial judge found from the record that defendant's trial counsel had actually been appointed in General Sessions Court in December of 1980 and had investigated and worked on the case from that time forward. He held that nothing had been brought to light at the date of the post-conviction hearing which would have changed the results of the trial.

■ Defendant contends it was error of constitutional proportions for the trial court to deny a motion for psychiatric evaluation prior to his trial. This matter was previously determined by the opinion of this Court on defendant's conviction trial appeal. Although the transcript of the hearing on the motion for psychiatric examination was not included with the record

the court found, and the record sustains, that the defense in the case was not insanity, but accident. Defendant testified he had picked up the shotgun, which was the murder weapon, to take it back to a neighbor from whom it had been borrowed, that he did not know the gun was loaded, and that it discharged accidently when the victim reached to grab the gun from him. We found that defense counsel's argument that a psychiatric evaluation would have established a defense of alcoholism resulting in insanity to be refuted by the facts in the record and not consistent with the theory of defense actually advanced at trial.

■ Defendant argues his right to due process was denied by failure of the trial judge to comply with Rule 12 of the Tennessee Supreme Court. This complaint is not of constitutional dimensions. The Rules of the Supreme Court of the State have the force of law by virtue of legislative enactment. T.C.A. § 16–3–404. The rule was enacted to assist the Supreme Court in its statutory duty to review a death penalty sentence in first degree murder cases. Whether or not such a report was filed in compliance with the rule, would not amount to a constitutional abrogation of any of the defendant's rights.

■ Defendant complains because he was granted a hearing on his first post-conviction petition while his conviction trial proceedings were pending review in the appellate courts. This is a technical violation of T.C.A. § 40–30–102 which sets out that a petition may be filed any time after a defendant has exhausted his appellate remedies, but does not in any way make defendant's conviction or his sentence void or voidable because of the abridgement of any constitutional right.

Defendant says he was denied equal protection under the law because he was denied appellate review of the judgment on his first post-conviction petition due to the failure of his appointed counsel to file a notice of appeal. There is no doubt that petitioner was prevented heretofore from a full airing in the appellate courts of the complaints made in his various post-conviction petitions. Although several of the matters which he has raised in his petition should have been raised on his direct appeal from his conviction, we have now afforded him a post-conviction review and considered each of his complaints. We have assumed the authority relegated to us under the Rules of Appellate Procedure and granted the relief on the law and facts to which he is entitled. T.R.A.P. 36(a).

Although appellate counsel earnestly argues that defendant was denied effective assistance of counsel at his conviction trial proceedings, we find, not only that this matter was previously determined at the hearing on defendant's first post-conviction petition, but that there is no basis for such complaint. In *State v. Mackey,* 687 S.W.2d 289 (Tenn.Cr.App.1985) this Court held, citing from *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. There has been no such showing in this case.

The judgment of the trial court dismissing the post-conviction petition is affirmed.

DUNCAN and CORNELIUS, JJ., concur.