IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 20, 2002

## WILLIE TOM ENSLEY v. HOWARD CARLTON, WARDEN AND STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Johnson County**
**No. 3653    Robert E. Cupp, Judge**

**No. E2002-00878-CCA-R3-PC**
**October 21, 2002**

In 1986, a Davidson County jury convicted the Petitioner of first degree murder and aggravated rape. The trial court sentenced the Petitioner to an effective sentence of life plus twenty-seven and a half years in the Tennessee Department of Correction. This Court affirmed the Petitioner's convictions and sentences on direct appeal, and the Tennessee Supreme Court denied permission to appeal. The Petitioner filed a petition for writ of habeas corpus in 2000, alleging that he is entitled to habeas corpus relief because: (1) count one of the indictment, charging the Petitioner with felony murder, contains no reference to the applicable statute; (2) count two of the indictment, charging him with aggravated rape, fails to state an offense because it omits the required allegation of the appropriate mens rea for aggravated rape; and (3) count one of the indictment is not signed by the district attorney general. The trial court denied the Petitioner's request for habeas corpus relief, finding that the sufficiency of an indictment cannot be properly challenged in a habeas corpus proceeding and finding that the Petitioner failed to establish that the indictment was insufficient. After review, we conclude that the Petitioner has failed to establish a claim for habeas corpus relief, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Willie Tom Ensley, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; and Glen Watson, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

I.  Procedural History

In January 1986, a Davidson County jury convicted the Petitioner, Willie T. Ensley, of aggravated rape and first degree murder. The trial court sentenced the Petitioner to life imprisonment in the Tennessee Department of Correction for the first degree murder conviction and imposed a consecutive sentence of twenty-seven and a half years in the Tennessee Department of Correction for the aggravated rape conviction. This Court affirmed the convictions and sentences on direct appeal, and the Tennessee Supreme Court denied permission to appeal. See State v. Willie Tom Ensley, No. 86-65-III, 1987 Tenn. Crim. App. LEXIS 2213 (Tenn. Crim. App., Nashville, Apr. 7, 1987), perm. app. denied (Tenn. June 29, 1987).

On November 17, 2000, the Petitioner filed a petition for a writ of habeas corpus in the Johnson County Circuit Court, alleging that he is entitled to habeas corpus relief because: (1) count one of the indictment, charging him with felony murder, contains no reference to the applicable statute; (2) count two of the indictment, charging him with aggravated rape, fails to state an offense because it omits the required allegation of the appropriate mens rea for aggravated rape; and (3) count one of the indictment is not signed by the district attorney general. The trial court denied the Petitioner's request for habeas corpus relief, finding that the sufficiency of an indictment cannot properly be challenged in a habeas corpus proceeding. Moreover, the trial court determined that even if the challenge to the sufficiency of the indictment was proper in a habeas corpus proceeding, the Petitioner had failed to establish that the indictment was insufficient. This appeal ensued.

## II. Analysis

Article I, Section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101. A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); See also Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Thus, the grounds upon which habeas corpus relief will be granted are very narrow. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. A trial court is not required, as a matter of law, to grant the writ and conduct an inquiry into the allegations contained in the petition, when the petition fails to state a cognizable claim. In such event, the suit may be summarily dismissed by the trial court. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994) (citation omitted), superceded by statute, as stated in Larry Wayne Baxter v. State, No. 02C01-9707-CC-00233, 1998 Tenn. Crim. App. LEXIS 281, at *2n.2 (Tenn. Crim. App., Jackson, Mar. 11, 1998). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

In his petition, the Petitioner relies on alleged defects in the original indictment charging him with aggravated rape and first degree murder. As the State points out in its brief, in most instances

a challenge to the sufficiency of an indictment is not cognizable in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971); Tenn. R. Crim. P. 12(b)(2) (stating that "[d]efenses and objections based on defects in the indictment" must be raised prior to trial). However, if an indictment fails to state an offense, the subsequent conviction on the defective indictment is void because no crime is before the court and because the court lacks jurisdiction. Charles Edward Orren v. Howard Carlton, No. 03C01-9704-CR-00141, 1998 Tenn. Crim. App. LEXIS 193, at *3 (Tenn. Crim. App., Knoxville, Feb. 13, 1998) citing State v. Nixon, 977 S.W.2d 119 (Tenn. Crim. App. 1997)). Therefore, if an invalid indictment fails to properly charge an offense and causes the convicting court to be without jurisdiction, that indictment may be challenged in a habeas corpus proceeding. Id. at *4. It is well settled that an indictment must provide sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997).

The Petitioner argues that the felony murder count of the indictment is invalid because it does not cite the statute which the Petitioner is accused of violating. However, our review of the indictment in question indicates that the indictment would certainly satisfy all three requirements of Hill. See id. Count one of the indictment states that on November 17, 1984, the Petitioner

unlawfully, feloniously, willfully, deliberately, premeditatedly, or while in the perpetration of a felony, to wit: rape or larceny, and maliciously did make an assault upon the body of one Brenda Kay Cotten . . . and there did unlawfully, feloniously, willfully, deliberately, premeditatedly, or while in the perpetration of a felony, to wit: rape or larceny, and of his malice aforethought, kill and murder, against the peace and dignity of the State.

We conclude, as did the trial court, that this indictment would certainly enable the Petitioner to know that he is accused of murdering Brenda Kay Cotten with premeditation, or while raping or committing larceny against her. As the State points out in its brief, a reference to the statute which the accused has allegedly violated is not required. See Malone v. State, 707 S.W.2d 541, 543 (Tenn. Crim. App. 1985). Thus, the Petitioner's first claim is without merit.

Next, the Petitioner complains that count two of the indictment is invalid because it fails to state the required mens rea for aggravated rape. Count two of the indictment alleges that the Petitioner

unlawfully and feloniously did engage in unlawful sexual penetration of Brenda Kay Cotten and the said Willie Tom Ensley used force or coercion, was armed with a knife and caused personal injury to the said Brenda Kay Cotten and did thereby commit the crime and felony of aggravated rape in violation of Section 39-2-603 Tennessee Code Annotated and against the peace and dignity of the State of Tennessee.

The aggravated rape statute in effect at the time the Petitioner was indicted provides as follows:

(a) Aggravated rape is unlawful sexual penetration of another accompanied by any of the following circumstances:

(1) Force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon; [or]

(2) The defendant causes personal injury to the victim . . . .

Tenn. Code Ann. § 39-2-603 (1982).

Our supreme court, in Dykes v. Compton, 978 S.W.2d 528, 530 (Tenn. 1998), held that the analysis developed in State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997), should be used to determine the sufficiency of indictments for both pre- and post-1989 crimes. In Hill, the supreme court ruled that the failure to charge a culpable mental state is not a defect so long as the indictment performs its essential constitutional and statutory purposes. Hill, 954 S.W.2d at 729. Thus, the court held that:

for offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as

(1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;

(2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and

(3) the mental state can be logically inferred from the conduct alleged.

Id. at 726-27.

The indictment in this case complies with the Hill requirements. In a footnote, the Dykes v. Compton court stated that "the offense of aggravated rape was a 'general intent' crime, for which a culpable mental state was necessary, but easily inferable from the conduct which comprises the offense." 978 S.W.2d at 530 (citing Morissette v. United States, 342 U.S. 246, 251-52 (1952); Walden v. State, 178 Tenn. 71, 77, 156 S.W.2d 385, 387 (1941) ("In the crime of rape no intent is requisite other than that evidenced by the doing of the acts constituting the offense."); Cherry v. State, 539 S.W.2d 51, 54 (Tenn. Crim. App. 1976)).

Finally, the Petitioner alleges that the absence of the signature of the district attorney on the first degree murder count of the indictment causes that count to be invalid. However, the signature of the district attorney does appear at the end of the indictment following count two, the aggravated rape count.

This Court has determined that there is no requirement that the signature of the district attorney general follow each count of an indictment; it is sufficient if the signature follows the second count of a two-count indictment. James E. Martin v. Howard Carlton, No. 03C01-9807-CR- 00253, 1999 Tenn. Crim. App. LEXIS 560, at **9-10 (Tenn. Crim. App., Knoxville, June 7, 1999). Furthermore, "an objection to a defect of this nature must be made pre-trial, and not in a collateral, post-trial habeas corpus petition." Id. at *10. In our view, the indictment against the Petitioner, which contains the signature of the district attorney general following the second count of a two-count indictment is valid. This issue is without merit.

### III. Conclusion

Based upon our de novo review, we conclude that the Petitioner has failed to establish a claim for habeas corpus relief and AFFIRM the judgment of the trial court.


_____
ROBERT W. WEDEMEYER, JUDGE

-5-