IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 2, 2004

## RANDALL EDWIN COBB v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Obion County**
**No. 9-421, 9-422, 9-423     William B. Acree, Jr., Judge**

---

**No. W2004-00156-CCA-R3-HC  - Filed February 18, 2005**

---

The petitioner, Randall Edwin Cobb, appeals *pro se* from the order of the Obion County Circuit Court dismissing his petition for habeas corpus relief for failure to state a claim. The petitioner pled guilty in June 2000 to one count for possession of cocaine, a Schedule II controlled substance, with the intent to sell within 1000 feet of a school zone, a Class B felony, and on two counts for sale of a controlled substance within 1000 feet of a school zone, each a Class B felony. In this appeal, he challenges: (1) whether the trial court properly dismissed his habeas corpus petition; (2) whether the petition stated a claim for relief; (3) whether the judgments are void; and (4) whether the indictments were defective. After reviewing the matter, we affirm the decision of the trial court, but remand for entry of corrected judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Randall Edwin Cobb, Northwest Correctional Complex, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and James Cannon, Assistant District Attorney, for the appellee, State of Tennessee.

### OPINION

### I.  FACTS AND PROCEDURAL BACKGROUND

This case stems from a five count indictment charging the petitioner with: (1) one count for possession of cocaine with intent to sell within one thousand (1,000) feet of a school; (2) two counts for sale of cocaine within one thousand (1,000) feet of a school; and (3) two counts for delivery of

cocaine within one thousand (1,000) feet of a school. The petitioner pled guilty to the counts for possession and sale in exchange for dismissal of the two counts for delivery.

The trial court entered standard judgment forms that listed the defendant as both a Range I standard offender and as a school zone offender. These two classifications contradict each other. Range I standard offenders are eligible for parole at thirty percent (30%) service of a sentence. Tennessee Code Annotated section 39-17-433 states that school zone offenders must serve one hundred percent (100%) of the minimum sentence.

The trial court entered "corrected judgments" to address this problem. These forms state, "corrected judgment to reflect school zone-100% sentence." Unfortunately, the trial court once again checked both the Range I standard offender and the school zone classifications.

Three and one-half (3 ½) years subsequent to the entry of his guilty plea, the petitioner filed a *pro se* petition for writ of habeas corpus. He argued that the error on the judgment forms voids each sentence and that the indictments fail to adequately charge the offense because they do not cite the specific school zone statute, Tennessee Code Annotated section 39-17-432. The indictments state, "said violation occurred on the grounds or facilities of a school or within one thousand feet (1000 ft.) of the real property that comprised a public or private elementary school, middle school or secondary school."[1] They also cite Tennessee Code Annotated section 39-17-417, which defines the drug offense.

The trial court summarily dismissed the petition without an evidentiary hearing. The petitioner now brings this appeal.

## II. ANALYSIS

The legal issues raised in habeas corpus petitions are questions of law that require de novo review. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). The grounds upon which a court will grant habeas corpus relief are very narrow. Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002); State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). Habeas corpus relief is available only when a judgment is void or when a sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A void sentence is one that strikes at the jurisdictional integrity of the trial court. Id. The face of the judgment must reflect "that a convicting court was without jurisdiction or authority to sentence a defendant." Id. at 162. Neither the trial court nor this Court can review proof beyond the face of the record to find a judgment void. See Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

### A. Indictments

---

[1] It has not escaped this Court's attention that the petitioner has attached to his brief an indictment that fails to state this language. However, this indictment, 9-420, was dismissed. The petitioner failed to include with his brief copies of the indictments upon which he was actually convicted..

The petitioner argues that the judgments are void because the indictments are defective. He claims that they fail to adequately charge a school zone offense. We review this matter because "the sufficiency of an indictment can be reviewable as a habeas corpus claim." See Wyatt v. State, 24 S.W.3d 319 (Tenn. 2000).

An indictment must include a sufficient description of the offense so as to ensure that the accused understands the nature of the charge. Jackson v. Virginia, 443 U.S. 307, 314 (1979). The essential functions of the indictment are to provide notice of the charged offense, to enable the trial court to enter a proper judgment of conviction, and to afford protection for the accused against double jeopardy. State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991). The form of an indictment in Tennessee is prescribed by statute:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-13-202 (2003).

Our supreme court has relaxed the strict pleading requirements of former common law indictments. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997). An indictment that achieves its "overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements." State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000).

The indictments in this case list the statute defining the specific drug charges, Tennessee Code Annotated section 39-17-417, and state language from the school zone statute. The petitioner argues that the failure to cite the school zone penalty statute renders the indictments void. We disagree.

The language of the indictments provides clear identification and notice of the charges. We have previously held that reference to a particular statute or code section is unnecessary to provide notice. See Malone v. State, 707 S.W.2d 541, 543 (Tenn. Crim. App. 1985), perm. app. denied, (Tenn. 1986). Therefore, this issue is without merit.

## B. Clerical Error

We agree with the trial court that the judgments do not reflect void sentences. Both the original and the corrected judgment forms indicate that the petitioner is both a Range I standard offender and a school zone offender. However, the trial court's intent is clear from the attempted

correction. The corrected judgments state that the correction is "to reflect school zone-100% sentence." The fact that the trial court inadvertently rechecked the Range I standard offender classification is a mere clerical error.

This Court has previously stated that clerical errors do not void a judgment. Ronald W. Rice v. David Mills, E2003-00328-CCA-R3-PC, 2003 WL 21972930 (Tenn. Crim. App., at Knoxville, August 19, 2003), perm. app. denied, (Tenn. Feb. 2, 2004). Moreover, Rule 36 of the Tennessee Rules of Criminal Procedure states that clerical errors in judgments arising from oversight may be corrected at any time and after such notice, if any, as the court requires.

For the foregoing reasons, we find that the judgments are not invalid. We must, however, direct the trial court to reenter judgments that properly list the defendant as a school zone offender.

## C. Dismissal of the Petition

Finally, the petitioner complains that the trial court denied the appointment of counsel. If a petition fails to allege facts that justify relief, the trial court may deny the petition without an evidentiary hearing or the appointment of counsel. State ex rel. Edmonson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967). Relief is afforded only when a judgment is void upon its face. Archer, 851 S.W.2d at 164. Therefore, this claim is without merit.

## III. CONCLUSION

For the above reasons, we affirm the decision of the trial court, but remand for entry of corrected judgments to remove the Range I standard offender classification.

_____
J.C. McLIN, JUDGE

-4-