IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2004

## DONALD MAYS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-26606    John P. Colton, Jr., Judge**

---

**No. W2003-02761-CCA-R3-PC  - Filed October 28, 2004**

---

The petitioner, Donald Mays, appeals the trial court's denial of post-conviction relief.  Although the petitioner bases his claim on three grounds, the primary issue is whether the petitioner was denied the effective assistance of counsel at trial and on appeal.  The judgment is affirmed.  Because the post-conviction court failed to address the issue of whether counsel were ineffective by failing to challenge the trial court's failure to charge the jury on certain lesser included offenses, the cause is remanded for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed; Cause Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Charles W. Gilchrist, Jr., for the appellant, Donald Mays.

Paul Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; and Stacy McEndree, Assistant District Attorney General for the appellee, State of Tennessee.

### OPINION

On October 5, 2000, the petitioner was convicted of two counts of especially aggravated kidnapping and aggravated robbery.  On direct appeal, this court set aside one of the kidnapping convictions but otherwise affirmed, approving consecutive sentences of 60 and 30 years, respectively.  State v. Donald Mays, No. 2001-00030-CCA-R3-CD (Tenn. Crim. App., at Jackson, Feb. 7, 2002).  Application for permission to appeal to our supreme court was denied on July 1, 2002.

The convictions were based upon an incident occurring on June 17, 1999, involving the kidnapping of 19-year-old Dayton Smith, the daughter of Viola Taylor.  While the victim waited in the car for her mother, the petitioner entered Ms. Taylor's vehicle, found the keys in the ignition, pulled a gun, and drove away.  There was evidence that as the victim demanded to be released, the

petitioner stole two of her rings, having a total value of approximately $500.00, and then drove away in a reckless manner. When the petitioner slowed at an intersection, the victim jumped out of the vehicle, injuring her arm and leg, and then returned to the Jefferson Building.

Two weeks later, the petitioner "rented" the stolen vehicle to Derrick Houston for $9.00 and a rock of cocaine. Houston, after being stopped by the police in West Memphis, Arkansas, led officers to the petitioner. The victim first identified the petitioner in a photographic lineup and then identified the petitioner at trial. Other evidence, particularly a glove, connected the petitioner to the crime. The victim found the glove, which bore the petitioner's surname "Mays," in the trunk of her vehicle one week before trial. Neither the state nor the defense discovered the existence of the glove until the last day of the trial.

As indicated, this court set aside one of the two especially aggravated kidnapping convictions on direct appeal as violative of double jeopardy principles. See State v. Phillips, 924 S.W.2d 662 (1996). This court also concluded that there was no variance between the indictment for aggravated robbery and the proof at trial. The evidence was found to be sufficient to support one of the especially aggravated kidnapping convictions and the aggravated robbery conviction.

In his petition for post-conviction relief, the petitioner argued that his trial counsel was ineffective for failing to (1) adequately investigate the charges, (2) adequately confer with the petitioner, (3) communicate a plea offer by the state, (4) adequately impeach Derrick Houston as a state witness, (5) request an appropriate instruction on identification, (6) file appropriate pretrial motions, (7) adequately challenge the sufficiency of the evidence, and (8) challenge a faulty chain of custody regarding the glove. He also claimed that his appellate counsel was ineffective by failing to present on direct appeal the issue of whether the trial court erred by permitting the state to re-open its proof-in-chief so as to prove when the glove had been found. After the appointment of counsel, the petition was amended to include a claim that trial counsel was ineffective by failing to preserve for appeal the trial court's failure to instruct the jury on the appropriate lesser included offenses.

At the evidentiary hearing, the petitioner testified on his own behalf. His trial and appellate counsel were called as the other witnesses. The petitioner complained about the quality of his counsels' performance, both at trial and on appeal, arguing primarily that counsel failed to preserve the issue of whether the state should have been allowed to re-open its case to present the glove which the victim found in the stolen vehicle. The petitioner also contended that his appellate counsel did not adequately communicate during the course of the appeal. As to his trial counsel, the petitioner asserted that he was ineffective for having failed to list as a ground for relief in the motion for new trial that the trial judge had erred by refusing to charge lesser included offenses of especially aggravated kidnapping and aggravated robbery. He was also critical of his trial counsel's investigation, particularly his failure to conduct a pretrial interview of Derrick Houston, who was a witness for the state. The petitioner estimated that he had discussed his case with trial counsel no more than four or five times prior to trial and a total of no more than eight hours. On cross-examination, the petitioner acknowledged that he preferred a trial and did not want to consider a plea offer which had been made by the state, insisting that he was "not guilty of anything in this case."

The record suggests that the state had made a fifty-year offer in advance of the trial. As for the chain of custody issue, the petitioner confirmed that he was unaware of whether a glove bearing his surname was ever in the possession of the state before it was presented as evidence. Derrick Houston was not called as a witness at the evidentiary hearing.

The post-conviction court made extensive findings of fact and conclusions of law addressing all but one issue and which, in summary, provided as follows:

1. That counsel was not ineffective for any lack of preparation in regard to Derrick Houston, who appeared as a state witness and who identified the petitioner as having provided him with the vehicle stolen from the victim;

2. That prior to trial, counsel met with the petitioner a sufficient number of times to develop possible defenses;

3. That counsel was not ineffective in his handling of a possible plea agreement because the petitioner, who maintained his innocence, confirmed that he had no intention of accepting the offer tendered by the state;

4. That counsel was not ineffective for having failed to adequately impeach the testimony of Derrick Houston by virtue of a "deal" with the West Memphis (Arkansas) Police Department because there was no evidence that Houston had even been charged with a crime and, thus, no good faith basis to cross-examine him regarding any "deal";

5. That counsel was not ineffective for having failed to request more extensive instructions to the jury on the issue of identification because the instructions were in accordance with law and as extensive as possible;

6. That counsel was not ineffective for having failed to file certain pretrial motions;

7. That the sufficiency of the evidence was adequately addressed at trial and on direct appeal;

8. That counsel was not ineffective for having failed to challenge the chain of custody as to the glove, apparently owned by the petitioner and found by the victim in the trunk of the stolen vehicle; and

9. That appellate counsel was not ineffective for having failed to challenge the propriety of the trial court's having allowed the state to re-open their case after it had rested.

The applicable law is well-settled. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the

advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a [petitioner] must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the trial court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997). When reviewing the application of law to those factual findings, however, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

The petitioner has narrowed his claims in this appeal. He argues that trial counsel was ineffective for having failed to make adequate preparations for the testimony of Derrick Houston, for having failed to present written pretrial motions as to that issue, and for having failed to seek jury instructions on the lesser included offenses of aggravated robbery and especially aggravated kidnapping. As a corollary to the third assertion, the petitioner also argues that his trial counsel was

ineffective for having failed to list the lesser included offense issue as a ground for relief in his motion for new trial. He also complains about the state being allowed to re-open the evidence and challenges the performance of his trial and appellate counsel in that regard.

Houston, a witness for the state who resided in Arkansas, testified at trial that he "rented" the stolen car from the petitioner in exchange for money and cocaine. He testified that he had known the petitioner for two years and was in possession of the vehicle, accompanied by a girlfriend named Brenda Robinson, for less than two hours before being arrested. While Houston admitted a prior conviction for credit card theft in 1992, he made a positive identification of the petitioner as the individual from whom he had "rented" the car. The petitioner could not help his trial counsel find Houston prior to trial, and the testimony established that the state also had difficulty locating the witness.

During the course of the evidentiary hearing, however, the petitioner was unable to establish any particular act of neglect as to his trial counsel's failure to find and interview Houston prior to trial. Moreover, even assuming that trial counsel's performance was deficient in that he was unable to determine in advance the full extent of Houston's testimony, the petitioner was unable to establish how the lack of a pretrial interview affected the outcome of the trial. It might have been helpful to the petitioner had Houston been called as a witness at the evidentiary hearing.

In Black v. State, 794 S.W.2d 752 (Tenn. Crim. App. 1990), this court enumerated the standard for establishing prejudice by counsel's failure to subpoena witnesses. To establish prejudice, the petitioner must: "(1) produce the witness at his post-conviction hearing; (2) show that through reasonable investigation, trial counsel could have located the witness; and (3) elicit both favorable and material testimony from the witness." Denton v. State, 945 S.W.2d 793, 802-03 (Tenn. Crim. App. 1996) (citing Black, 794 S.W.2d at 757). This standard requires petitioners to produce the uncalled witness at the post-conviction proceeding so that courts need not speculate as to the materiality of the testimony or credibility of the missing witness. Black, 794 S.W.2d at 758. The rulings in Black and Denton are analogous to the circumstances of this case. Partly because Houston was not called as a witness at the evidentiary hearing, the petitioner was unable to demonstrate how further preparations by his trial counsel might have been helpful. There was no other proof showing why the lack of a pretrial interview caused prejudice to the petitioner. This issue, therefore, is without merit. Further, the petitioner has been unable to establish how the filing of motions in advance of trial relative to Houston or on any other issue would have made a difference in the results of the trial.

More troubling, however, is trial counsel's failure to seek instructions on the lesser included offenses of either aggravated robbery or especially aggravated kidnapping and his subsequent failure to preserve the issue in a motion for new trial. In the second amendment to the petition, the petitioner, through appointed counsel, asserted that trial counsel had failed to present the issue in the motion for new trial and that appellate counsel had not been advised of that circumstance. It is apparent from the record that the lesser included offenses were not charged. The rationale of the trial court was that the evidence did not warrant the instructions, particularly because the defense theory

was one of misidentification. While it is the trial court's responsibility to charge the offenses and any lesser offenses, it is also the responsibility of trial counsel to preserve the issue for review in the event the trial court has erred in this regard.

The question of whether a given offense should be submitted to the jury as a lesser included offense is a mixed question of law and fact. State v. Rush, 50 S.W.3d 424, 427 (Tenn. 2001) (citing State v. Smiley, 38 S.W.3d 521 (Tenn. 2001)). The standard of review for mixed questions of law and fact is de novo with no presumption of correctness. Id.; see also State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court has a duty "to give a complete charge of the law applicable to the facts of a case." State v. Harbison, 704 S.W.2d 314, 319 (Tenn. 1986); see also Tenn. R. Crim. P. 30.

In Burns, our supreme court adopted a modified version of the Model Penal Code in order to determine what constitutes a lesser included offense:

> An offense is a lesser included offense if:
> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
> (1) a different mental state indicating a lesser kind of culpability; and/or
> (2) a less serious harm or risk of harm to the same person, property or public interest, or
> (c) it consists of
> (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser included offense in part (a) or (b); or
> (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser included offense in part (a) or (b); or
> (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser included offense in part (a) or (b).

6 S.W.3d at 466-67.

The trial court has a duty to instruct the jury as to a lesser included offense if: (1) reasonable minds could accept the offense as lesser included; and (2) the evidence is legally sufficient to support a conviction for the lesser included offense. Burns, 6 S.W.3d at 469; see also State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999). Moreover, our supreme court has held that trial courts "must provide an instruction on a lesser-included offense supported by the evidence even if such instruction is not consistent with the theory of the State or of the defense. The evidence, not the parties, controls whether an instruction is required." State v. Allen, 69 S.W.3d 181, 188 (Tenn. 2002). Our high court observed that the "jury is not required to believe any evidence offered by the State," and held that the authority of the jury to convict on a lesser-included offense may not be taken away, even

-6-

when proof supporting the element distinguishing the greater offense from the lesser offense is uncontroverted. Id. at 189.

Here, the victim identified the petitioner as the perpetrator both at trial and from a pretrial photographic array. Houston testified that he "rented" the stolen vehicle from the petitioner for money and cocaine. While the primary theory of defense was misidentification, our supreme court has held that an instruction may be supported by evidence even if inconsistent with the theory of defense. Allen, 69 S.W.3d at 188. Under these circumstances, it is our view that the evidence warranted an instruction on aggravated kidnapping, kidnaping, robbery, and theft.

Because the proof offered at trial justified instructions on aggravated kidnapping, kidnapping, robbery, and theft, the trial court erred by failing to instruct the jury as to those offenses. When there is such an omission, the next inquiry is whether the error was harmless. In Allen, our high court concluded that when the trial court improperly fails to instruct on a lesser included offense, the harmless error inquiry is the same as for other constitutional errors: whether it appears beyond a reasonable doubt that the error did not affect the outcome of the trial. Id. at 191. In making this determination, "a reviewing court should conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." Id. Such an examination, in this case, is hampered by the post-conviction court's failure to address this issue.

On November 7, 2003, twenty-nine days after the post-conviction court dismissed the petitioner's claim in a detailed order addressing all grounds except for the issue of counsel's failure in regard to the instructions on lesser included offenses, the petitioner filed a pro se motion. After explaining that they had been unable to contact his post-conviction counsel, he asked the post-conviction court to specifically address the issue. On November 9, 2003, the post-conviction court entered a second order denying relief. The order made no reference to the request for specific findings of fact and, while the court provided that issues are generally waived when not raised at trial or on direct appeal, there was no determination on the merits of the lesser included claim.

Tennessee Code Annotated section 40-30-111 provides that "[u]pon final disposition of every petition, the court shall enter a final order, and . . . shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings and fact and conclusions of law with regard to each ground." Tenn. Code Ann. § 40-30-111(b) (2003). This court has construed the statute to mean that findings of fact are mandatory. Brown v. State, 1 Tenn. Crim. App. 462, 445 S.W.2d 669 (1969). Since the holding in Brown, this court has concluded that under certain circumstances, the failure to satisfy the requirement may be harmless. See e.g., State v. Higgins, 729 S.W.2d 288 (Tenn. Crim. App. 1987); State v. Swanson, 680 S.W.2d 487 (Tenn. Crim. App. 1984). In Swanson, this court concluded that the purpose of the statutory requirement was to facilitate appellate review and that reversal was not required when the record included the post-conviction's court basis for denial of relief on a particular ground.

Because the claim of the petitioner was that his trial counsel was ineffective for having failed to preserve the lesser included offense issue in his motion for new trial and, in consequence, the issue was not presented for review on direct appeal, the petition does allege a constitutional violation. The issue has not been waived and has not been previously determined. The petitioner's complaint in this appeal is that the post-conviction court should have made a ruling. This court agrees. While the brief of the state correctly points out that the post-conviction court's failure to address the issue is not a separate ground for relief from the judgment of conviction, that does not offer a basis for affirmance on the narrow issue of whether the post-conviction court erred by failing to address the claim. Because the post-conviction court failed to make findings of fact regarding counsel's failure to challenge the trial court's failure to charge the jury on lesser included offenses, the cause must be remanded for hearing, argument, and disposition on that specific issue.

With regard to the petitioner's claim regarding the admission of the glove, it is our view that the evidence of the glove was properly admitted at trial over the objections of trial counsel. "It is well-settled that permitting additional proof, after a party has announced that proof is closed, is within the discretion of the trial court, and unless it appears that its action in regard has permitted injustice, its exercise of discretion will not be disturbed on appeal." Simpson v. Frontier Community Credit Union, 810 S.W.2d 147, 149 (Tenn. 1991) (citing State v. Bell, 690 S.W.2d 879, 882 (Tenn. Crim. App. 1985). The glove was not in the custody of the state but in the possession of the victim when it was discovered in the trunk of her vehicle one week prior to the trial. The glove was corroborative to the testimony of the victim, who had made a positive identification of the petitioner from a photographic array and during the course of the trial, and also supported the identification testimony of Derrick Houston. The state and the defense discovered the existence of the glove on the last day of trial. At trial, Ms. Smith testified that after her car was returned, she discovered "a lot of clothes and stuff," as if someone was living in the vehicle, which she threw in the garbage. Later, while changing a tire, she found a work glove underneath the tire with "Mays" written on the back. She explained that she did not think it was important until she heard questions during the trial about the presence of fingerprints in the vehicle. Of further importance is that the petitioner has failed to cite any authority in his appeal which would preclude the admission of this evidence. The failure to cite authority is a proper basis to treat the issue as having been procedurally barred. Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b). This issue is not a ground for relief.

Accordingly, the cause is remanded to the post-conviction court which shall, in accordance with the statute, specifically address whether the petitioner was denied the effective assistance of counsel by virtue of the failure to challenge in the motion for new trial and on appeal the omission of lesser included offenses in the jury instructions.

_____
GARY R. WADE, PRESIDING JUDGE